O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FAITH WILSON, | ) | Case No. CV 24-02605 DDP (PVCx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER GRANTING DEFENDANT CITY OF** |
| | ) | **POMONA'S MOTION TO DISMISS** |
| CITY OF POMONA, | ) | |
| | ) | |
| Defendants. | ) | [Dkt. 15] |
| _____ | ) | |

Presently before the court is Defendant City of Pomona ("The City")'s Motion to Dismiss Plaintiffs' Complaint.  Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

**I.   Background**

On March 30, 2022, Plaintiff Faith Wilson was at home with her two children, K.W. and E.O., when City of Pomona Police Officer Defendant A. Chavez ("Officer Chavez") arrived at the house with Joel Raul Orozco ("Orozco").[1]  Complaint ¶ 19.  According to the Complaint, Orozco had sexually abused K.W. and was subject to a

---

[1] Although the Complaint appears to make reference to both a K.W. and a K.O., these appear to be the same minor child.  Compl. ¶¶ 4, 19.

restraining order restraining him from approaching Plaintiff, K.W.,
E.O., and the house.  Compl. ¶¶ 18-19.  Plaintiffs watched Officer
Chavez and Orozco through an outdoor surveillance camera and E.O.
began to cry as Officer Chavez and Orozco approached through the
front yard.  Id.  When Officer Chavez and Orozco knocked on the
front door, Plaintiff informed Officer Chavez through the door
about the restraining order and informed him that her children were
inside the house.  Id. ¶ 20.  Plaintiff told Officer Chavez
multiple times that Orozco was restrained from approaching her, the
children, and the house.  Id.  Officer Chavez nevertheless
"demanded" that Plaintiff exit the house.  Id. ¶ 21.  Plaintiff K.W.
became upset and begged Plaintiff to stay inside.  Id.  Officer
Chavez then told Orozco to get into his car.  Id.  Once Orozco was
in the car, Plaintiff went outside.  Id.

     While outside, Officer Chavez began asking Plaintiff about her
social media posts regarding Orozco "being a registered sex
offender and his criminal convictions."  Compl. ¶ 22.  Officer
Chavez "accused Plaintiff of harassing and misusing information
about Orozco."  Id.  Officer Chavez also repeatedly told Plaintiff
"that she was a liar and that he had snapshots of her criminal
activity," and accused her of being "malicious." Id. ¶ 22.
Plaintiff again informed Officer Chavez that Orozco was subject to
a restraining order, which had issued because Orozco "was found
guilty of molesting her two children."  Id. ¶ 23.  Officer Chavez
then "instructed Plaintiff Wilson to go to the front yard by the
street, where Orozco was in sight."  Id. ¶ 25.  While Plaintiff was
standing near Orozco, Officer Chavez cited Plaintiff with a
"Misdemeanor Notice to Appear (City of Pomona), Citation No.

1  P485166, for violation of California Penal Code 290.46(i)."[2]  Id. ¶
2  26-27.

3       On May 16, 2022, the City of Pomona Police Department sent
4  written notice to Plaintiff Wilson that the citation "was
5  rejected," and that "[t]his arrest was determined to be a detention
6  only."  Compl. ¶ 29. The Police Department later sent another
7  letter to Plaintiff informing her that the department's Internal
8  Affairs Unit sustained an allegation against Officer Chavez for
9  unsatisfactory performance.  Id. ¶ 30.

10      Plaintiff, on her own behalf and as guardian ad litem of
11 Plaintiff K.W., brought the instant suit pursuant to 42 U.S.C. §
12 1983 against the City of Pomona, the Pomona Police Department,
13 Officer Chavez, and several doe defendants.  Plaintiffs' Complaint
14 alleges Fourth Amendment claims for unlawful detention and
15 excessive force, a Fourteenth Amendment claim for deliberate
16 fabrication of evidence, and municipal liability claims.  Defendant
17 City of Pomona now moves to dismiss all claims.

18 **II.  Legal Standard**

19      A complaint will survive a motion to dismiss when it
20 "contain[s] sufficient factual matter, accepted as true, to state a
21 claim to relief that is plausible on its face."  Ashcroft v. Iqbal,
22 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550

23

24      [2] Section 290.46(i) states, "Any person who is required to
25 register pursuant to Section 290 who enters an internet website
   established pursuant to this section shall be punished by a fine
26 not exceeding one thousand dollars ($1,000), imprisonment in a
   county jail for a period not to exceed six months, or by both that
27 fine and imprisonment."  Cal. Penal Code § 290.46(i).  Section
   290.46(j) provides that "[a] person is authorized to use
28 information disclosed pursuant to this section only to protect a
   person at risk."  Cal. Penal Code § 290.46(j)(1).

U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal,556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Iqbal,556 U.S. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## III. Discussion

The City's motion to dismiss raises a number of different arguments, including the arguments that (1) Plaintiff K.W. lacks standing to bring any claim (Mot. at. 3); (2) Plaintiff Wilson's excessive force claim fails, as the Complaint does not allege that

any force was used (Id. at 5); (3) Plaintiff's failure to allege a deprivation of liberty is fatal to her deliberate fabrication of evidence claim (Id. at 6); and (4) Plaintiffs' Monell claims fail (Id. at 7.)  Plaintiffs' opposition does not address any of these arguments.  "[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." Stichting Pensioenfonds ABP v. Countrywide Fin. Corp., 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (citation omitted); See also Jenkins v. Cnty. of Riverside, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (deeming claims abandoned where plaintiff's opposition did not discuss moving party's arguments).  Accordingly, all of Plaintiff K.W.'s claims, as well as Plaintiff Wilson's Second, Third, Fourth, and Fifth Causes of action are dismissed for failure to oppose, with leave to amend.

The City also seeks to dismiss Plaintiff Wilson's First Cause of Action for Unlawful Detention.  Specifically, the City contends that Plaintiff Wilson has failed to adequately allege an unlawful detention because Defendant Chavez had reasonable suspicion to believe that Plaintiff Wilson was making unlawful social media posts about Orozco's sex offender status.  (Mot. at 5.)

"In order to satisfy the Fourth Amendment's strictures, an investigatory stop by the police may be made only if the officer in question has a reasonable suspicion supported by articulable facts that criminal activity may be afoot." United States v. Montero-Camargo, 208 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)).  By the same token, "[i]t is well established," and Plaintiffs do not

dispute, "that law enforcement officers may detain an individual
and conduct a brief investigative detention if there is reasonable
suspicion that criminal activity is afoot." United States v. Cole,
948 F. Supp. 2d 1251, 1254 (W.D. Wash. 2013) (citing Terry v. Ohio,
392 U.S. 1 (1968)).  Instead, citing Payton v. New York, 445 U.S.
573 (1980) and United States v. Nora, 765 F.3d 1049 (9th Cir.
2014), Plaintiffs appear to suggest that something beyond
reasonable suspicion was required here because "when Officer Chavez
ordered Plaintiff Wilson out of her home, Plaintiff was arrested
inside of her home."  (Opposition at 7.).

   "The [Supreme] Court held in Payton that the Fourth Amendment
forbids arresting a suspect inside his home unless the police first
obtain an arrest warrant or an exception to the warrant requirement
applies." Nora, 765 F.3d at 1054.  For purposes of the Payton
rule, a person may be arrested inside the home even before she is
taken into physical custody.  In United States v. Al-Azzawy, 784
F.2d 890 (9th Cir. 1985), for example, an arrest was effectuated
when "the police had completely surrounded appellee's trailer with
their weapons drawn and ordered him through a bullhorn to leave the
trailer and drop to his knees." Al-Azzawy, 784 F.2d at 893.
Similarly, in Nora, "some 20 to 30 officers arrived and surrounded
the house with weapons drawn," and, aided by a hovering helicopter,
"used a public address system to order the occupants of the house
to come out." Nora, 765 F.3d at 1052.  And in Fisher v. City of
San Jose, 558 F.3d 1069 (9th Cir. 2009) (en banc), over sixty
police officers surrounded a suspect's apartment before shutting
off the power to apartment, using "bullhorns and other voice

6

1 | magnifying equipment," and ultimately driving an armored vehicle
2 | onto the suspect's patio.  <u>Fisher</u>, 558 F.3d at 1072-73.

3 | Here, however, the court need not determine whether Defendant
4 | Chavez's actions resulted in an in-home arrest because, quite
5 | simply, Plaintiffs have not alleged any such fact.  Notwithstanding
6 | Plaintiffs' invocation of the <u>Payton</u> rule in their opposition to
7 | the instant motion, Plaintiffs' Complaint does not allege that
8 | Plaintiff Wilson was arrested, either inside or outside of her
9 | home, at any point.  Rather, the Complaint alleges that Wilson was
10 | unlawfully detained.  (Compl. ¶¶ 31-32).  And, as stated above,
11 | Plaintiffs do not dispute either that reasonable suspicion is
12 | sufficient to justify an investigatory detention or that Defendant
13 | Chavez had reasonable suspicion to suspect Plaintiff Wilson of
14 | unlawful activity.

15 | Accordingly, Plaintiff's First Cause of action is dismissed,
16 | with leave to amend.

17 | **IV.  Conclusion**

18 | For the reasons stated above, the City's Motion to Dismiss is
19 | GRANTED.  All claims are dismissed, with leave to amend.  Any
20 | amended complaint shall be filed within twenty days of the date of
21 | this Order.

23 | IT IS SO ORDERED.

25 | Dated: JUNE 11, 2024

DEAN D. PREGERSON
United States District Judge

7